UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

OFFSHORE TECHNICAL SOLUTIONS, LLC                CIVIL ACTION NO.

VERSUS

SECTION  " "

JAB ENERGY SOLUTIONS, LLC, JAB ENERGY
SOLUTIONS II, LLC, AND ALLISON MARINE
HOLDINGS, LLC                                    MAGISTRATE  " "

_____

## **COMPLAINT**

The Complaint of OFFSHORE TECHNICAL SOLUTIONS, LLC, ("Offshore Technical"), a Louisiana limited liability company with its principal place of business in the State of Louisiana, specifically the Parish of Terrebonne, with respect represents as follows:

1.

This is claim relating to services rendered in connection with the decommissioning of oil and gas wells and removal of offshore platforms in the Gulf of Mexico and for breach of contract and associated damages arising out of the breach of said contract and/or rendered on open account. The work on said property was performed on the Outer Continental Shelf in the Gulf of Mexico in United States Territorial Waters.

2.

This Court has original jurisdiction pursuant to 28 U.S.C. § 1331, Federal Question Jurisdiction, as this matter arises under the Outer Continental Shelf and Lands Act, 43 U.S.C. § 1331, *et seq*.

3.

Venue is proper in this, the Eastern District of Louisiana, because plaintiff, Offshore Technical, resides in this district and maintains its principal place of business in Louisiana within the jurisdiction of this court, specifically in Terrebonne Parish. Additionally, the place of negotiation and confecting of the Master Service Agreement which is directly an issue in this litigation was within this judicial district, again in Terrebonne Parish.

4.

The plaintiff herein is:

a)      **OFFSHORE TECHNICAL SOLUTIONS, LLC**. ("Offshore Technical"), a domestic (Louisiana) limited liability company with its principal place of business in the Parish of Terrebonne, State of Louisiana, at 690 S. Hollywood Road, Houma, Louisiana 70360.

5.

The defendants are:

a)      **JAB ENERGY SOLUTIONS, LLC** ("JAB"), a domestic limited liability company doing business in this judicial district and state, who at all material times, maintained and currently maintains its principal office and its principal place of business in the State of Louisiana at 9828 HWY 182 E, Morgan City, Louisiana 70381 and its principal place of business in the State of Texas at 19221 I45 South, Suite 324, Shenandoah, Texas 77385;

b)      **JAB ENERGY SOLUTIONS II, LLC** ("JAB-II"), a foreign limited liability company (Delaware) maintaining its principal place of business in the State of Texas, specifically at 19221 I45 South, Suite 324, Shenandoah, Texas 77385; and

c)      **ALLISON MARINE HOLDINGS, LLC** ("Allison Marine"), a foreign (Delaware) limited liability company maintaining its principal place of business in the State of Texas at 19221 I45 South, Suite 324, Shenandoah, Texas, 77385 and its Principal Business Establishment in Louisiana at 9828 HWY 182 E, Morgan City, Louisiana 70381.

6.

The parties defendant, and each of them, are liable, jointly, severally and *in solido*, unto plaintiff,  Offshore Technical Solutions, LLC. as alter-egos of one another, alternatively a single business enterprise, or as co-obligors for the sum of $564,467.64 in amounts owed under contract with interest through April 1, 2021 and thereafter per diem interest in the amount of $178.15 per day, plus attorney's fees and costs associated with the filing of suit and other damages as prayed for herein, for the following reasons.

**GENERAL ALLEGATIONS**
***(The Parties Plaintiff and Defendant and Their Relationship to One Another)***

7.

Plaintiff, Offshore Technical Solutions, LLC, is a locally owned company headquartered in Houma, Louisiana (Terrebonne Parish) that provides services to the oil and gas industry, specifically abrasive cutting, cold cutting and coating removal as well as providing equipment and personnel in connection with those services in and around the Gulf of Mexico.

8.

Plaintiff is generally aware of the company known as JAB which has been in business for some time as a Louisiana limited Liability Company headquartered in Morgan City, Louisiana.

9.

After discussions were had with representatives of JAB, specifically Joshua Towns and Alan Vando, about Offshore Technical working for the company it knew and knows presently as JAB, and after doing due diligence on JAB (website, etc.) Offshore Technical was presented with a Master Service Agreement to execute. A copy of the Master Service Agreement is attached hereto

as Exhibit "1". The agreement is signed by Alan Vando for Brent Boudreaux in his capacity as "President" of JAB Energy Solutions, II, LLC; however, at the time it was not made clear to anyone at Offshore Technical that JAB Energy Solutions, II LLC and JAB Energy Solutions, LLC. were anything other than one and the same.

10.

At the time, unbeknownst to plaintiff, Offshore Technical, Brent Boudreaux was not only an officer in JAB Energy Solutions, LLC (Louisiana) the company it knew and had worked for previously and the company it had performed its due diligence on, but was also apparently an officer or director in JAB Energy Solutions, II, LLC, a Delaware limited liability company similarly named as part of a more comprehensive plan by defendants, that Offshore Technical had never heard of before. In fact, as the following illustrates, despite the agreement being in the name of JAB-II, in the months that ensued, Offshore Technical worked for "JAB" under the JAB-II MSA. Upon information and belief, plaintiff alleges that JAB and JAB-II are alter egos of one another set up by the parent of both, Allison Marine Holdings, LLC in furtherance of a general beclouding and misrepresentation on the market and for other reasons as will be shown at trial.

11.

By way of example, and not by way of exclusion, in August of 2018, working under the supposed MSA with JAB-II, Offshore Technical went out on a job for which they were ultimately paid by JAB, working with JAB employees, for the benefit of JAB, not JAB-II. Attached as Exhibit 2 is a copy of an email between the "project manager" on the 2018 job, Joshua Towns, and Richard Burgo, the general manager of plaintiff, Offshore Technical. In the email, which is incorporated by reference as if pleaded herein *in extenso* for all purposes, Joshua Towns asks plaintiff for advice

about costs asking, "*What is my cost to this point by day*." The email was sent from jtowns@jabenergysolutions.com and Mr. Town's signature block indicates he is acting specifically for "JAB Energy Solutions, LLC", which is the defendant referred to herein as JAB, not JAB-II.

12.

Assuming for purposes of this pleading that Mr. Towns was not intending on paying the project costs from his own funds, the reference "my" is to the company he is purportedly acting on behalf of and the company Offshore Technical was led to believe it was working for, JAB Energy Solutions, LLC out of Morgan City, Louisiana.

13.

On September 26, 2019, Offshore Technical was paid in stages for services rendered on what is refers to herein throughout as the "previous job", the one that commenced in late 2018 and the job which Joshua Towns as an employee of JAB Energy Solutions, LLC (JAB, not JAB-II) was managing under the MSA with JAB-II. A copy of those checks are attached hereto as Exhibit "3" and "4" respectively in furtherance of the misrepresentation, or a reflection of the entity for whom the work was actually performed for, Offshore Technical was paid by check drawn on the account simply of "JAB Energy Solutions."

14.

While the relationship between the corporate parties defendant is discussed in greater detail hereinbelow, the signator on the check presents yet another issue to be addressed. If the MSA with JAB-II was the operative contract, on this job the work was supervised and managed by employees of JAB under an MSA with JAB-II for the benefit it is alleged of JAB, and paid for by a check

drawn on the account of what Offshore Technical interpreted as JAB, the company it knew signed by an employee of yet another company, Allison Marine Holdings, LLC.

15.

Further complicating the issue of who the work was performed for and services rendered on behalf of, is the fact that upon information and belief, while said Joshua Towns was managing the project for JAB, Brent Boudreaux was approving the payments. Brent Boudreaux is an officer of both JAB and JAB-II and the checks were signed by "Sonda Robertson," an employee of neither JAB nor JAB-II but rather an individual who is listed as being the "Chief Financial Officer/Controller/Project Manager" of the third named defendant company, Allison Marine Holdings.

16.

In 2020, Offshore Technical Solutions was approached about a job at High Island A-370-A in which JAB was utilizing the TOPS vessel, the D/B Swing Thompson, for a job. JAB issued a PO to Offshore Technical relative to this job which commenced in October of 2020. The port of mobilization was ICY in the State of Louisiana.

17.

On October 31, 2020 Offshore Technical issued the first of its three invoices relative to this job to the company it believed it was working for the benefit of, JAB. Offshore Technical was advised that JAB had a "new office" at 19221 Interstate 45 S (which not surprisingly is the same location as JAB-II is run out of and also the registered office for Allison Marine Holdings, LLC in Texas (See Exhibit 8 attached hereto and incorporated herein by reference)), but that invoices should be submitted as had been done in the past, to the email invoice@jabenergysolutions.com.

Offshore Technical complied.

18.

The invoices were submitted as requested, to "invoice@jabenergysolutions.com"; however, all the invoices relating to this job, Project No. 2009-1766-P6380, remain unpaid. This is the same domain that Mr. Towns sent the emails from relative to the previous work where his signature block notes the company as JAB Energy Solutions, LLC, the Louisiana company.

19.

Offshore Technical became concerned about the ongoing past due balances maintained on account of JAB; however, was reassured repeatedly by Mr. Brent Boudreaux that the invoices would ultimately be paid. Representative of such representations is the email between Mr. Brent Boudreaux and Mr. Richard Burgo of Offshore Technical attached hereto as Exhibit "9" and incorporated herein by refence. Notably Mr. Boudreaux uses the same domain for his emails that Mr. Towns did and the same domain that hosts the invoice@jabenergysolutions.com address where the invoices are sent. From here, the waters get murkier.

## SPECIFIC ALLEGATIONS
(*Who gets the invoice, who approves the invoice and who pays the invoice*)

20.

As pled above the invoices for the job in question on which the claims herein are predicated, were directed for payment to invoices@jabenergysolutions.com.

21.

By way of illustration, Exhibit 6, which is Invoice I-7859, was directed to said email address under the cover of the email from Amy Porche at Offshore Technical attached hereto as Exhibit 10, which is an email address as requested and dated December 9, 2020. As is Offshore

Technical' s practice, both read, and delivery receipts were requested.

22.

Offshore Technical did in fact obtain a delivery receipt and said receipt is attached as Exhibit 11. While much of this is technical gibberish, the highlighted portions show that the email sent by Ms. Porche as directed to invoice@jabenergysolutions.com was in fact routed through a server hosted by Allison Marine (postmaster@allisonmarine.onmicrosoft.com) and further that the email Offshore Technical was directed to utilize is in fact a proxy email for lgreenleaf@allisonmarine.onmicrosoft.com.

23.

Upon information and belief, lgreenleaf@allisonmarine.onmicrosoft.com is in fact "Loretta Greenleaf" an accountant working not for JAB-II, but for JAB in Lake Charles, Louisiana.

24.

Separate and distinct from the delivery receipt, is the "read receipt" which is generated by the mail system maintained by defendants. The following day, December 10, 2020 Ms. Porche received a "read receipt" indicating that her email, which was sent to invoice@jabenergysolutions.com" was in fact read by Ms. Becky Sandlin on December 10, 2020. Ms. Sandlin is an Administrative Assistant not for JAB-II, but rather both for "JAB Energy Solutions, LLC" and "Allison Marine Holdings" according to her email signature (See Exhibit 13 attached hereto and incorporated herein by reference).

25.

On Thursday, January 21, 2021, Ms. Sandlin advised that "we" have received the invoices we spoke about and that "all have been approved and posted." This was sent in her ostensible

capacity as an employee of Allison Marine Holdings and/or JAB Energy Solutions, LLC per her email signature line, but nowhere is it indicated that JAB-II is involved in any way.

26.

One of the invoices that Ms. Sandlin indicated was approved was the first invoice issued relative to this job, Invoice 7851. On this date for reasons yet unclear, rather than be delivered to Loretta Greenleaf at JAB, Invoice 7851 sent to the same email address, invoice@jabenergysolutions.com" was delivered to srobertson@allison-companies.net as evidenced by the plain form delivery receipt attached hereto as Exhibit 14.

27.

Upon information and belief well formed, "srobertson@allison-companies.net" is "Sonda Robertson" (See Exhibit 15 attached hereto and incorporated herein by reference). Sonda Robertson, an additional undisclosed recipient of Offshore Technical's invoices is the very same individual who signed the checks issued to Offshore Technical for the previous job it did in 2018; However, Sonda Robertson has no known affiliation with either JAB or JAB-II being rather an officer of Allison Marine Holdings, LLC, a Delaware company. She does however work out of the offices of all three named defendants.

**SPECIFIC ALLEGATIONS**
(***The Louisiana LLCs and their Shadow Delaware Alter-Egos***)

28.

According to the Louisiana Secretary of State the company that Offshore Technical believed it was working with, JAB Energy Solutions, LLC is a Louisiana Limited Liability Company domiciled in Louisiana at 9828 Hwy 1823 East in Morgan City Louisiana. It bears charter number 36628333K.

29.

While Delaware does not require the listing of officers and directors on LLCs by law, Louisiana does and the Officers of JAB Energy Solutions, LLC are listed as: (1) Henry L. Robards, Jr., (2) W. Stephen Orlando, and (3) Brent J. Boudreaux.

30.

JAB Energy Solutions II, LLC is a Delaware Limited Liability Company bearing Delaware Corporations file #5002821. The Officers and directors of JAB-II are undisclosed. Other than to be listed on the website for the Delaware Division of Corporations, JAB-II has no known commercial presence, except to be the named contracting party under which JAB was allocating its contractual obligations.

31.

This appears to be a pattern of practice with the companies under common control of the directors of the companies named herein. Also domiciled at the same address in Morgan City is the Louisiana Corporation, Allison Marine Contractors, Inc. According to the Secretary of State (Louisiana) Allison Marine Contractors, Inc. has the same domicile address, 9828 Hwy 182 E in Morgan City, Louisiana 70380 and the same mailing address, P.O.Box (or drawer) 511 in Morgan City Louisiana as JAB Energy Solutions, LLC. It also has at least one officer in common, Henry L. Robards, Jr.

32.

Moreover, like JAB, Allison Marine Contractors, Inc. (Louisiana) has a corporate analog in Delaware. Allison Marine Contractors **II,** LLC is like JAB Energy Solutions II, LLC a Delaware entity with no disclosed officers or directors.

33.

In other pleadings filed in this Court, JAB Energy Solutions II, LLC has identified itself as a wholly owned subsidiary of Allison Marine Holdings, LLC. See e.g., *Shore Offshore Services, LLC v. JAB Energy Solutions II, LLC, et al*, Civil Action 10-1288 (E.D.La.)(Zainey, J) at Rec. Doc. 18.

## SPECIFIC ALLEGATIONS
**(Single Business Enterprise, Alter Ego Status, and Undercapitalization)**

34.

Upon information and belief, the above companies, are all acting as a single business enterprise as that term is defined in Louisiana and/or alter-egos of one another as those terms are defined under Texas law and the laws of other jurisdictions.

35.

As to Single Business enterprise, upon information and belief the legal entities, JAB, JAB-II and Allison Marine Holdings have to a yet undisclosed extent, common ownership. As the corporate records of each make clear, there are common officers and directors. Hank Robards is listed as an officer of both JAB and Allison Marine. While it is yet undetermined who the officers and directors of JAB-II are, the MSA bears the signatures of both Brent Boudreaux, who is listed as an officer of JAB and Alan Vando, who is listed as an officer of JAB. Stephen Orlando likewise has corporate affiliations that include but are not limited to being President of Allison Offshore Services, Inc., Director of JAB Energy Solutions II, LLC, President of JAB Energy Solutions, LLC., a member of Allison Offshore Services, LLC, a member of Allison Offshore Services, LLC, among others. All these companies are for the most part affiliated with the addresses of similarly named companies.

36.

Likewise, there appears on these facts to be unified administrative control. A simple invoice submission to JAB is routed not only to employees of JAB (accountants and administrative assistants), but also employees of Allison Marine. As pled above, Invoices submitted to JAB for work signed off on by employees of JAB under the MSA purportedly with JAB-II are routinely reviewed and approved by employees of various companies and paid for with funds approved and instruments signed by an officer of Allison Marine.

37.

Further, upon information and belief, while JAB appears to be capitalized, Offshore Technical avers on information and belief that JAB-II is not and was formed simply as an entity to be the obligor on certain obligations for the mutual benefit of all the companies.

38.

Moreover, it does not appear that JAB-II has any direct employees but rather utilizes routinely employees of other companies under common control to further the purported interests of JAB-II and its alter-ego companies.

39.

Given the lack of any commercial presence, it is unclear how JAB-II solicits business other than through the employees and business contacts of JAB and Allison Marine and in fact plaintiff, Offshore Technical, was under the impression that it was working for JAB as opposed to JAB-II, a reasonable belief given that the employees they were dealing with and all of the contacts were affiliated with or holding themselves out as being affiliated with JAB or Allison as opposed to JAB-II which appears nowhere except in the MSA.

40.

Defendants herein have common office space, centralized accounting, common employees, and other criteria clearly establishing common control and the operation of the various entities as a single business enterprise and/or meet the alter-ego test as articulated by the various courts in the Fifth Circuit interpreting both state and federal law, especially given the ongoing misrepresentations to vendors such as Offshore Technical in regard to whom they were dealing with commercially.

41.

Plaintiff, Offshore Technical, maintains, that there are facts sufficient on the face of these pleadings alone considering the exhibits as part of its well-pleaded complain to establish a basis of liability against each of the named defendants as affiliated corporations and or as juridical persons alter-egos of one another and to extend liability to each jointly, severally and in solido as the facts and law warrant.

## COUNT 1 – BREACH OF CONTRACT

42.

Plaintiff, Offshore Technical, re-asserts and re-alleges all the material facts contained in Paragraphs 1-41, inclusive, as well as any referenced exhibits, as if pleaded herein in extenso.

43.

Defendants, and each of them, are liable to plaintiff, Offshore Technical, for breach of contract relative to their respective failure to pay pursuant to the terms and conditions set forth in the Master Service Agreement entered into by and between the parties and signed by Brent Boudreaux and Richard Burgo, respectively, acting on behalf of their various corporate interests.

44.

The MSA between the parties herein provides for terms of payment in Article 6, specifically Sections 6.1 and 6.2 but nowhere contained in the agreement is a "pay when paid" provision. As is noted in the attached emails, officers of defendants have in fact "approved" Offshore Technical's invoices; however, as is detailed in Exhibit 9, which is the email from Brent Boudreaux to Richard Burgo, the reason Offshore Technical has not been paid has to do with its lack of receipt of funds from third parties.

45.

Payment to Offshore Technical, plaintiff herein, is an obligation of defendants irrespective of any receipt of funds by other sources and as such, this admission by Mr. Boudreaux establishes that defendants have in fact breached the contract knowingly and willingly.

46.

Contained in the MSA at Section 6.3 which states that "payments of undisputed amount shall be made within Forty-Five (45) days after company has received an invoice." Defendants have failed to comply with the terms and conditions of payment as contractually obligated.

47.

In addition to the principal amounts owed, with interest, in Section 11.13 provides that "[t]he prevailing party in any litigation relating to this Agreement, other than that involving defense and indemnity which is addressed above, shall be entitled to recover its reasonable and necessary attorney's fees and costs of litigation from the other party." As such, Offshore Technical is entitled to recover from defendant's attorney's fees and costs associated with the filing of this lawsuit.

## COUNT 2 – OPEN ACCOUNT
### (Failure to Pay Monies Owed under Open Account)

48.

Plaintiff, Offshore Technical, re-asserts and re-alleges all the material facts contained in Paragraphs 1-41, inclusive, as well as any referenced exhibits, as if pleaded herein *in extenso.*

49.

In the alternative, should this Court determine that the contract was void for any reason including but not limited to mutual mistake, fraud in the inducement, etc., Offshore Technical specifically avers that the work performed at the location designated in the invoices submitted as requested by Defendants was performed as requested in good faith and in an appropriate manner. As respect this work performed and services rendered to defendants, Offshore Technical has complied with and satisfied its obligations in all respects.

50.

Offshore Technical specifically avers that the invoices relative to the services requested by defendants and rendered by plaintiff as reflected in the attached invoices were directed to the appropriate company representatives. All invoices having been accepted without objection by defendants herein.

51.

Offshore Technical specifically avers that it is entitled to be compensated for the services rendered and the goods furnished as reflected in the invoices, which at this point are not disputed. Plaintiff is entitled to recover all amounts due to it, as well as actual, and where applicable consequential (bad faith), damages, interest thereon, attorneys' fees and costs of collection and other costs as may be taxable for the willful breach of this contract and failure to pay.

**WHEREFORE**, plaintiff, Offshore Technical Solutions, LLC, prays for judgment in its favor against defendants, and each of them jointly severally and in solido awarding plaintiff all sums due for services rendered pursuant to contract or otherwise, in the amount of $564,467.64 in amounts owed under contract and/or open account inclusive of interest through April 1, 2021 and thereafter per diem interest in the amount of $178.15 per day together with costs, legal interest, attorneys fees, all consequential damages for bad faith breach of contract and all other equitable relief as this honorable court deems just and proper.

DATED:  Wednesday, May 12, 2021

Respectfully submitted:

**BOHMAN | MORSE, LLC**

s/ Martin S. Bohman
MARTIN S. BOHMAN T/A  (Bar #22005)
HARRY E. MORSE (Bar #31515)
400 Poydras Street, Suite 2050
New Orleans, Louisiana 70130
Telephone: (504) 930-4009
Facsimile: (888) 217-2744
Email: martin@bohmanmorse.com
Email: harry@bohmanmorse.com

*ATTORNEYS FOR OFFSHORE TECHNICAL SOLUTIONS, LLC*